UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NOLAN R. CAMPBELL,

    Plaintiff,

vs.

***DIGGITY DOGS, INC.***
***d/b/a HOT DIGGITY DOGS & MORE,***
*a Florida Corporation,*

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, NOLAN R. CAMPBELL, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this complaint and sues *DIGGITY DOGS, INC. d/b/a HOT DIGGITY DOGS & MORE,* a Florida Corporation, (hereinafter referred to as the "Defendant"), for declaratory and injunctive relief, attorney's fees, litigation expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, et. Seq. (Americans with Disability Act or ADA) and alleges:

## **JURISDICTION AND VENUE**

**1.**    The Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff' claims arising under 42 U.S.C. § 12181, et. Seq., based on the Defendant's violations of Title III of the Americans with Disability Act (see also, 28 U.S.C. §2201 and §2202).

**2.**    Venue is proper in this Southern Division Court pursuant to 28 U.S.C. §1391(B)

and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that the events giving rise to this lawsuit occurred in Broward County, Florida.

## PARTIES

3. Plaintiff, Nolan R. Campbell, is a resident of Broward County in the State of Florida and is an individual with disabilities as defined by and pursuant to the ADA. At the time of the Plaintiff's visit to *HOT DIGGITY DOGS & MORE*, and prior to instituting this action, the Plaintiff suffered from a "qualified disability" under the Americans with Disability Act and depends on a wheelchair for mobility. Nolan Campbell suffers from Arthrogryposis, also known as Arthrogryposis Multiplex Congenita. This is a rare congenital disorder that is characterized by multiple joint contractures and can include muscle weakness and fibrosis.  Due to this disorder, the Plaintiff is confined to a wheelchair and is forced to use and depends on his wheelchair for mobility. Nolan Campbell therefore has a "qualified disability" under the Americans with Disability Act. The Plaintiff personally visited *HOT DIGGITY DOGS & MORE*, and encountered illegal barriers to access, resulting in denial of full and equal access to the property and full and equal enjoyment of the facilities, services, goods, and amenities within *HOT DIGGITY DOGS & MORE*, which is the subject of this suit. Plaintiff lives in the same county as the Subject Facility and lives in close proximity to the facility and intends on visiting the facility in the very near future.  Plaintiff has suffered direct injury as a result of the Defendant's actions or inactions described herein. Prior to instituting the instant action, the Plaintiff personally visited the Defendant's Subject Facility and was personally limited by the barriers present at the Defendant's Subject Facility. Such barriers constitute discrimination prohibited by the ADA. The Plaintiff will visit the premises in

the imminent future to avail himself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

4.      The Plaintiff is a resident of Broward County and intends to gain access into and use the restaurant owned by Defendant in the future, as members of the able-bodied community are presently able to do, but has and will continually be denied such access as a result of the Defendant's failure to comply with the ADA.

5.      The Defendant, *DIGGITY DOGS, INC.*, a Florida Corporation, is authorized to conduct and is conducting business within the State of Florida. The Defendant, *DIGGITY DOGS, INC.*, is a lessee and/or operator of the real property (hereinafter the "Subject Facility"), and the owner of the improvements where the Subject Facility which is the subject of this suit. The Subject Facility is located at *2641 GRIFFIN ROAD FORT LAUDERDALE, FLORIDA 33312*.

## AMERICANS WITH DISABILITY ACT

6.      On July 26, 1990, Congress enacted the Americans with Disability Act ("ADA") 42 U.S.C. § 12181, et. Seq. in order to ensure equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation.

7.      The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  42 U.S.C. §12181, et. Seq; 20 C.F.R §36.508(a).

8.      Congress found, among other things, that:

3

    i.      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    ii.     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    iii.    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    iv.    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    v.     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

**9.**    Congress explicitly stated that the purpose of the ADA was to:

    i.      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii.     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

**10.**    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

4

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Under the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") the Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

### VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT

**11.** Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §366.104, *HOT DIGGITY DOGS & MORE*, is a place of public accommodation in that it is a restaurant which provides food and/or drinks and/or services to the public. Therefore, since the facilities that are the subject of this action are public accommodations as delineated and covered by the ADA, they must be in compliance with ADA.

**12.** On May 4, 2010 on or about the afternoon hours, the Plaintiff visited *HOT DIGGITY DOGS & MORE* and purchased food. Plaintiff has full intention of returning in the near future.

**13.** The Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying them full access and equal enjoyment of the building, goods, accommodations, and services due to the Defendant's failure to provide for Plaintiff's equivalent participation in Defendant's facilities, as prohibited by 42 U.S.C. §12182(b)(2)(A)(iv) and 42 U.S.C. §12101 & §1282 <u>et. Seq</u>.. The Defendant further is in violation by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily accessible.

**14.** The Plaintiff desires to use the Defendant facility in the future but is precluded from doing so as a result of Defendant's ADA violations set forth herein.

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

**15.**     Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and is discriminating against the Plaintiff by failing to, inter alia, the following specific violations:

   i.   Modify interior and exterior doors to have accessible door hardware, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

   ii.  Remove any obstructions from the front main entrance in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

   iii. Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

   iv.  Remove any obstructions from the walkways throughout the outside of the Subject Facility, currently, the walkway at the outside of the facility is not paved which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

   v.   Modify entrance to include a handicap accessible ramp at the Subject Facility that is compliant with the ADA;

   vi.  Provide adequate compliant signage addressing people with disabilities to notify them that accessible services are provided by Subject Facility as required by 28 C.F.R. Part 36 Section 4.30.4;

   vii. Provide a bar/serving counter that meets ADA standards; including but not limited to, the Bar/Serving counter located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

6

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

viii. Provide a hostess stand/cashier desk that meets ADA standards; including but not limited to, the hostess stand/cashier desk located in the subject facility is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

ix. Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

x. Provide accessible seating that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*) Secs. 4.32, 5.1, 5.2, 5.3, and 5.4 et seq.;

xi. Provide the required informational signage at the emergency exit located at Subject Facility;

xii. Provide a safe, accessible emergency exit at the rear of the subject facility in violation of 28 C.F.R Part 36;

xiii. Provide a safe, accessible walkway at the subject facility; currently, the walkway is uneven/gravel in violation of the ADA;

xiv. Provide an ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of *ADAAG* 4.3.;

xv. Modify doors to have accessible thresholds, as prescribed by the ADA;

xvi. Modify restrooms to be accessible, including failing to:

    i. Provide the required informational signage on the restroom entrance as required by 28 C.F.R Part 36, Section 4.3;

    ii. Modify thresholds at entrance of the restroom as prescribed by the ADA;

iii. Modify restroom doors to have accessible door, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

iv. Provide accessible door hardware in the restroom entrance/exit that can be opened with a closed fist in violation of 28 C.F.R Part 36, Section 4.23.9;

v. Provide in the restroom entrance doors that meet the standards of the ADA with regards to opening resistances and closing delays on restroom doors;

vi. Provide insulation for the exposed hot water and drain pipes under lavatories to prevent dangerous conditions and serious burns in violation of 28 C.F.R Part 36, Section 4.19.4;

vii. Provide rear grab bar behind restroom toilet in violation of 28 C.F.R Part 36, Section 4.17.6;

viii. Provide accessible soap dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

ix. Provide accessible paper towel dispenser as required by 28 C.F.R Part 36, Section 4.16.6. The maximum height of the paper towel dispensers cannot be more than 48 inches consistent with Standard § 4.2.5;

x. Provide accessible toilet paper dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xi. Provide accessible mirror as required by 28 C.F.R Part 36, Section 4.16.6;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

xii. Provide an accessible lavatory as required by 28 C.F.R Part 36;

xiii. Provide a lavatory with appropriate clearance as required by 28 C.F.R Part 36;

xiv. Provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatories for accessibility in violation of 28 C.F.R Part 36, Section 4.1 and 4.19.2;

xv. Provide accessible toilet as required by 28 C.F.R Part 36, Section 4.16;

xvi. Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

xvii.

### PARKING

xvii. Failure to provide the minimum number of handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36 Section 4.6.3, and are located on the shortest route of travel to the Subject Facility's main entrance as required by 28 C.F.R. Part 36 Section 4.6.2; as well as a compliant walkway from said handicap spaces to the Subject Facility's main entrance;

xviii. Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 144 inch wide minimum, with the designation of "van accessible", as required by 28 C.F.R. Part 36 Section 4.6.4 and Section 4.1.2(5)(b);

xix. Provide an accessible path of access, with a compliant ramp(s), from the "accessible" parking space(s) to the Subject facilities

9

xx. Modify the designated accessible parking spaces to connect directly to an accessible route consistent with Standards §§ 4.3.2; 4.6.3;

xxi. Modify the access aisles of the designated accessible parking spaces so they are demarcated consistent with Standard § 4.6.3;

xxii. Modify the designated accessible spaces so that one in every eight accessible parking spaces conforms to the space requirement and is designated as "van accessible" consistent with Standard § 4.1.2 (5)(b);

xxiii. Ensure that designated accessible and "van accessible" spaces have appropriate signage, and that the signs cannot be obscured by parked vehicles consistent with Standard § 4.6.4;

xxiv. Provide an accessible path of access, without excessive slopes and cross-slopes, and which do not traverse vehicular traffic, from the restaurant and outside eating areas to the restrooms;

xxv. Provide properly sized and configured accessible parking spaces, without excessive slopes and/or cross-slopes, with complaint access aisles and/or with compliant signage;

xxvi. Provide an accessible path of access, without curbs, excessive changes in level and/or excessive slopes to the order and pick-up counters / windows;

**16.** Upon information and belief, there are other current violations of the ADA at *HOT DIGGITY DOGS & MORE*, and only after a full inspection is completed can all violations be identified. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the

Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 CFR §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant have failed to comply with this mandate.

19. Plaintiff has sought and has been, continues to be, and in the future will, be denied access to the benefits of services, programs, activities of the building and it's facilities, and have otherwise been discriminated against and damaged by the Defendant, because of Defendant's ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the relief provided by the ADA as requested herein. The barriers at the Subject Facility have effectively denied or diminished the Plaintiff's ability to visit the property and have endangered his safety. Barriers at the property have posed a risk of injury to the Plaintiff, including but not limited to: physical injury, discomfort, and embarrassment.

20. Any and all requisite notice, if required, has been provided. Furthermore, such notice is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21. The Plaintiff has a realistic, credible, existing, and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to this Subject Facility as described but not necessarily limited to the allegations in paragraph 15 of this Complaint.

**22.** The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

**23.** Counsel, in good faith, has conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether the Defendant or the Defendant's property has ever been sued prior to the filing of this suit for alleged violations for the same, similar, or any violations of the ADA. The results of the search concluded that this Subject Facility has <u>never</u> been sued for Americans with Disability Act violations.

**24.** Pursuant to 42 U.S.C. 12188, this Honorable Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** the Plaintiff respectfully request that this Honorable Court find that the Defendant has been and continues to be in violation of the ADA and discriminating against the Plaintiff; and further requests judgment against the Defendant and requests the following injunctive and declaratory relief:

I. That this Honorable Court declares that the subject property and facility owned, operated, leased, controlled by the Defendant is in violation of the ADA, and

issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

II. That this Honorable Court enter an Order requiring the Defendant's to alter the subject premises as appropriate to comply with the ADA to make them accessible and usable by individuals with disability;

III. That this Honorable Court order the subject premises closed to the public until the requisite modifications are completed to the full extent required by Title III of the ADA;

IV. That this Honorable Court award reasonable attorney's fees, all costs (including but not limited to litigation expenses, court costs, and expert fees) and other expenses of suit, to the Plaintiff;

V. That this Honorable Court retain jurisdiction to assure Defendant's subsequent compliance with the ADA and protect against similar subsequent discrimination by Defendant; and

VI. That this Honorable Court award any such relief as it deems necessary.

Respectfully submitted,

**The Shemtov Law Firm, P.A.**
*Attorney for Plaintiff*

<u>By: S/ Tal Shemtov</u>
**Tal Shemtov, Esquire**
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
SHEMTOVLAWFIRM@YAHOO.COM

Dated: February 8, 2011.